22440. KELLY *v.* SINCLAIR, administrator.

STEPHENS, J. 1. Upon the trial of a case where the plaintiff sues the administrator of her father's estate to recover the value of services rendered by the plaintiff in rearing from infancy to majority a child of the intestate, who was the plaintiff's brother, for which services, it was alleged, the intestate, at the time the plaintiff took the child and many times afterwards, agreed to compensate the plaintiff, a declaration made by the defendant's intestate that two or three years after the plaintiff had taken the child and when the child was a baby he went to the plaintiff's house with the intention of taking the child away, but did not carry out this intention, because the plaintiff "prevailed with him,—begged him and cried and took on so that he couldn't have the heart to take the child from her, so he left it with her," was a self-serving declaration of the intestate's, and was not part of the res gestæ, but was mere hearsay and irrelevant as evidence in the case. This evidence being prejudicial to the plaintiff and calculated to influence the jury into the belief that whatever contract, if any, there may have been between the plaintiff and the intestate for the rearing of the child was terminated when the de-

fendant's intestate sought to take the child away, and that the keeping of the child by the plaintiff afterwards was a voluntary act on her part, for which the defendant's intestate was not liable under any contract by which he was to pay the plaintiff for her services in rearing the child. The admission of this declaration in evidence was error, and demands the grant of a new trial to the plaintiff.

2. Upon the trial of such a case evidence that the plaintiff's husband, at one time and after the plaintiff had taken the child for the purpose of rearing him, bought a farm and gave, for the purchase-money, notes signed by the defendant's intestate, but the notes were taken up, and the farm paid for by the plaintiff's husband, and not by the defendant's intestate, certainly had no probative value as tending to show that either the plaintiff or her husband had received any financial aid from the defendant's intestate, and therefore was irrelevant, and it was error to admit it.

3. Upon the trial of such a case evidence that the defendant's intestate had paid the plaintiff's husband for "some work" that the plaintiff's husband had done for the defendant's intestate, and that the defendant's intestate also owed the plaintiff's husband some money which the plaintiff's husband had repeatedly sought to collect, was irrelevant, and was improperly admitted.

4. The errors committed were calculated to influence the size of the verdict, which was only $300, and the court erred in not granting the plaintiff a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 23, 1933.

*S. F. Memory,* for plaintiff in error.

